IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **SARAH FISHER, as Trustee for Wild Prairie Trust,** § § § § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:17-cv-00283-O-BP |
| § | |
| **WELLS FARGO BANK, N.A.,** § § | |
| Defendant. § § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant's Motion to Dismiss and Brief in Support (ECF No. 10) with Appendix in Support (ECF No. 11), filed on June 6, 2017. After Plaintiff failed to respond to Defendant's Motion, the Court granted her an extended deadline to respond, cautioning Plaintiff that failing to respond to Defendant's Motion could result in the Court recommending dismissal of her case. ECF No. 12. As of the date of this Findings, Conclusions, and Recommendation, Plaintiff has not filed a response to Defendant's Motion.

Based upon a full review of the relevant pleadings on file and the applicable legal authorities, the undersigned RECOMMENDS that United States District Judge Reed O'Connor GRANT Defendant's Motion to Dismiss (ECF No. 10) and DISMISS Plaintiff's claims with prejudice unless Plaintiff files an amended complaint within the 14 days allotted for objections to this Findings, Conclusions, and Recommendation.

**I.     BACKGROUND**

This diversity case was removed from the 48th Tarrant County District Court on April 3, 2017. ECF No. 1. Plaintiff Sarah Fisher, as Trustee for Wild Prairie Trust, brings claims against Defendant Wells Fargo Bank, N.A. for equitable redemption and for violations of the Uniform Commercial Code ("UCC"). ECF No. 1-4. Additionally, Plaintiff seeks an accounting of outstanding debts owed to the Defendant and injunctive relief. *Id.* Plaintiff's claims arise from a dispute concerning the foreclosure sale of the real property located at 802 Wild Prairie Drive, Arlington, TX 76002 ("the Subject Property"). *Id.* at 3.

On or about December 1, 2006, Christopher Bryan Castro executed a promissory note made payable to CTX Mortgage Company, LLC and a Deed of Trust (collectively, the "Loan"), granting a security interest in the Subject Property. ECF No. 10 at 8. On November 29, 2011, the Deed of Trust was assigned to the Defendant. ECF No. 11 at 15. Plaintiff contends that she acquired title to the subject property on or about September 9, 2016 through a homeowners' association assessment lien foreclosure sale. *Id.* at 9. Plaintiff now seeks to assert her rights as a vested title holder and wishes to discharge the liens against the Subject Property, specifically the lien interest asserted by the Defendant.

**II.    LEGAL STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Rules require that each claim contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a). Accordingly, a complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts must "take

all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Bell Atl. Corp.*, 550 U.S. at 547).

"Normally, in deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint. However, courts may also consider matters of which they may take judicial notice." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996). Therefore, in ruling on a motion to dismiss, courts "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

### III.  ANALYSIS

#### i.  *Claims for Equitable Redemption*

Though Plaintiff's Petition does not directly state that she is asserting a claim for equity of redemption, the Court construes her pleadings to reflect such an action. Equitable redemption is the right to redeem property subject to foreclosure within a reasonable time of default by paying off the full amount owed on the mortgage. *Machado v. Bank of New York Mellon*, No. SA–12–CV–00840–DAE, 2013 WL 2404147, at *3 (W.D. Tex. May 31, 2013); *Scott v. Dorothy B.*

*Schneider Estate Trust*, 783 S.W.2d 26, 28 (Tex. App.—Austin, 1990 no writ). Defendant asserts that Plaintiff's Petition fails to allege sufficient facts to support a claim for equitable redemption. ECF No. 10 at 11.

"To properly state a claim for the equitable right of redemption, a plaintiff must show [s]he: (1) has an equitable or legal right to the property; (2) based on that interest in the property, would suffer a loss from foreclosure; and (3) 'is ready, able or willing to redeem the properties in controversy by paying off the amount of valid and subsisting liens to which the properties [are] subject.'" *330 Cedron Trust v. Citimortgage, Inc.*, No. SA-14-CV-933-XR, 2015 WL 1566058, at *3 (W.D. Tex. Apr. 8, 2015) (quoting *Houston v. Shear*, 210 S.W. 976, 981 (Tex. App.—Austin 1919, writ dism'd) (citation omitted)).

Though Plaintiff does claim that she is "willing to pay into the registry of the Court that amount of money necessary to compensate the mortgage servicer (Defendant) for the damages it has sustained as a result of the mortgagor's default[,]" this is insufficient to meet the pleadings requirements for equity of redemption. ECF No. 1-4 at 5. When asserting a claim for equitable redemption, "a necessary prerequisite to the . . . recovery of title . . . is tender of whatever amount is owed on the note." *Kingman Holdings, LLC, v. BA C Home Loans Servicing*, LP, No. 4:10-cv-693, 2011 WL 1882269, *4 (E.D. Tex. Apr. 21, 2011) (quoting *Fillion v. David Silvers Company*, 709 S.W.2d 240, 246 (Tex. App—Houston [14th Dist.] 1986, writ re'd n.r.e.)). It is clear from the pleadings that Plaintiff seeks "verifiable information as to the outstanding balance of any valid debts." ECF No. 1-4 at 5. Regardless of whether Defendant has advised Plaintiff of the amount required to cure the default, under Texas law, "[t]ender of whatever sum is owed on the mortgage debt is a condition precedent" to recovery of title. *Kingman*, 2011 WL 1882269 at 4 (citing *Fillion*, 709 S.W.2d at 246) (citation omitted).

Plaintiff does not offer sufficient facts to support her claim for equitable redemption. She alleges no facts that demonstrate her ability to pay the amount owed to Defendant, nor does Plaintiff's Petition assert facts that reveal the amount owed. She has tendered no amount of funds into the registry of the Court. The conclusory statement that Plaintiff is "willing to pay into the registry of the Court that amount of money necessary to compensate the mortgage servicer (Defendant) for the damages it has sustained as a result of the mortgagor's default[,]" is not enough to raise the right to relief above the purely speculative level. *See Twombly*, 550 U.S. at 555 (2007); ECF No.1-4 at 5. Therefore, the undersigned RECOMMENDS that Plaintiff's claim for equitable redemption be dismissed.

> ii.  *Claims for violations of the Texas Business and Commerce Code*

Plaintiff also asserts claims for relief under sections 3.301 and 3.602 of the Texas Business and Commerce Code. ECF No. 1-4 at 4. Defendant moves to dismiss these claims, asserting that the provisions of section three of the UCC enacted in the Texas Business and Commerce Code do not apply to transactions giving rise to a lien on real property. ECF No. 10 at 15.

Defendant is correct. Section three of the UCC is not applicable to transactions involving a lien on real property. *Tremble v. Wells Fargo Home Mortgage, Inc.*, 478 F. App'x 164, 166 (5th Cir. 2012); *see Clapp v. Wells Fargo, Nat. Ass'n*, No. 4:14-CV-035-A, 2014 WL 1677805, at *3 (N.D. Tex. Apr. 28, 2014) (quoting *Vogel v. Travelers Indem. Co.*, 966 S.W.2d 748, 753 (Tex. App.—San Antonio 1998, no pet.)) ("[A] mortgage note is not "within" the UCC: '[b]ecause the Deed of Trust places a lien on real property, it is not governed by the UCC.'"); Tex. Bus. & Com. Code § 3.104, cmt. 2 ("Article 3 is not meant to apply to contracts for the sale of goods or services or the sale or lease of real property or similar writings that may contain a promise to pay money."). Because section three of the UCC does not apply to transactions involving liens on real property,

Plaintiff fails to state a proper claim under sections 3.602 or 3.301. Accordingly, the undersigned RECOMMENDS that Plaintiff's claims under the Texas Business and Commerce Code be dismissed.

      *iii.      Claims for Injunctive Relief and Accounting*

Under Texas law, a request for injunctive relief is not a standalone claim, but instead depends on an underlying cause of action. *Cook v. Wells Fargo Bank*, N.A., No. 3:10-CV-592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010); *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). Similarly, a claim for an accounting is dependent upon a valid cause of action and cannot alone be a valid claim. *Wigginton v. Bank of New York Mellon*, No. 3:10–CV–2128–G, 2011 WL 2669071, at *4 (N.D. Tex. July 7, 2011); *Collins v. GospoCentric Records*, No. 3:00-CV-1813-H, 2001 WL 194988, at *1 (N.D. Tex. Feb. 22, 2001). Plaintiff's Petition asserts substantive claims only under the Texas Business and Commerce Code and for equitable redemption, and those claims fail to state a cause of action as previously discussed. Therefore, the undersigned RECOMMENDS that Plaintiff's claims for injunctive relief and an accounting be dismissed for failure to state a claim.

**IV.    OPPORTUNITY TO AMEND**

Courts may dismiss an action with prejudice without giving the plaintiff an opportunity to amend when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, the defendant has specifically noted the failure to respond, and the plaintiff has had ample opportunity to amend the complaint. *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir.1995). Here, Plaintiff has not filed a response to Defendant's Motion despite the Court Order extending her time to do so and cautioning her that the failure to respond to Defendant's Motion could result in the Court recommending dismissal of Plaintiff's case. Additionally, the Defendant

has noted Plaintiff's failure to respond to the Motion. However, because Plaintiff has had a limited opportunity to amend her Petition, and because it appears to the Court that she has not alleged her best case against the Defendant, she should be accorded an opportunity to amend her Petition to allege sufficient facts to state a claim.

## V.  CONCLUSION

Plaintiff fails to state sufficient facts to support her claims for equitable redemption and for violations of the Texas Business and Commerce Code. Because Plaintiff does not allege a valid cause of action, her claims for injunctive relief and an accounting fail as a matter of law. Consequently, the undersigned RECOMMENDS that Judge O'Connor GRANT Defendant's Motion and dismiss Plaintiff's Petition with prejudice for failing to state a claim upon which relief may be granted, unless Plaintiff files an amended complaint within the 14 days allotted for objections to this Findings, Conclusions, and Recommendation.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d

1415, 1417 (5th Cir. 1996) (en banc).

    It is so **ORDERED** on July 12, 2017.

*Hal R. Ray, Jr.*
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE